UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20485-CIV-COHN/SELTZER

ARYS CABRERA,

      Plaintiff,

vs.

RAY LAHOOD, Secretary, Department of
Transportation,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Ray LaHood, Secretary, Department of Transportation's Motion for Summary Judgment [DE 28] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 34] ("Response"), Defendant's Reply [DE 35] ("Reply"), all of the parties' submissions, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Arys Cabrera ("Plaintiff") filed this action against Defendant Ray LaHood, Secretary, Department of Transportation ("Defendant") on February 7, 2012. Compl. [DE 1]. In the Complaint, Plaintiff alleges that he has been employed by Defendant since 1991 and during the time relevant to this lawsuit, was an Air Traffic Control Specialist for the Federal Aviation Administration ("FAA"). Id. ¶ 7; Defendant's Statement of Undisputed Facts [DE 28] ("Defendant's Facts")[1] ¶ 1. On or about

---

[1]     Defendant's Statement of Undisputed Facts appears at the start of its Motion for Summary Judgment.

November 13, 2008, Plaintiff filed a civil action against Defendant alleging discrimination and retaliation.  Compl. ¶ 8.  While this civil suit was pending, Plaintiff alleges that he filed a claim with the Department of Labor's Office of Worker's Compensation Programs ("OWCP") because of an incident that happened while he was on the job.  Id. ¶ 9.  Specifically, Plaintiff filed his worker's compensation claim after he believed that two airplanes were going to collide midair.  Defendant's Facts ¶ 2.  After Defendant received a request for information regarding the incident from the OWCP, Plaintiff contends that Defendant retaliated against him for his prior litigation by providing false information regarding the incident which led to the denial of his claim.  Compl. ¶ 9; Defendant's Facts ¶ 3.  Plaintiff brings a single claim for retaliation under the Civil Rights Act of 1964 against Defendant.  Compl. ¶¶ 10-12.  Defendant has now moved for summary judgment.  Plaintiff opposes the Motion.

## II.  DISCUSSION

### A. Legal Standard.

#### 1. Summary Judgment Motions.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## 2. Title VII Retaliation Claims

Title VII prohibits employers from retaliating against an employee who files a claim under that Act. 42 U.S.C. § 2000e-3(a). To establish a prima facie case for retaliation, a plaintiff must show that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. Gowski v. Peake, 682 F.3d 1299, 1311 (11th Cir. 2012). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm."

Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006).  A materially adverse employment action is one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (citations and internal quotation marks omitted).

In the Eleventh Circuit, the causal link element is construed broadly so that the plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated.  Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998).  The plaintiff can satisfy this element if he provides sufficient evidence that the employer knew of the protected activity and a close temporal proximity between this awareness and the adverse action.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 n.30 (11th Cir. 2003).  "The filing of an EEO claim is a 'statutorily protected activity[.]'"  Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec., 410 Fed. Appx. 243, 246 (11th Cir. 2011).

Once a plaintiff has established the elements of a retaliaton claim, the employer may articulate a legitimate, non-retaliatory reason for the challenged employment action as an affirmative defense to liability.  Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008).  The employer "need not persuade the court that its proffered reasons are legitimate;" its burden is "merely one of production, not proof." Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) ( en banc ).  "This intermediate burden is exceedingly light." Turnes v. AmSouth Bank, NA, 36 F.3d 1057, 1061 (11th Cir.1994).  If the employer proffers such a legitimate, non-retaliatory explanation, the plaintiff must specifically respond to each of the employer's explanations and rebut them.  Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1309

(11th Cir. 2007).  A reason is not pretextual unless it is shown both that the reason was false, and that retaliation was the real reason.  See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1163 (11th Cir. 2006).

### B. Whether Plaintiff's Claim is an Impermissible Collateral Attack on the Denial of His Federal Employees Compensation Act Claim.

Defendant first argues that it is entitled to summary judgment because "Plaintiff's Title VII suit is simply an attempt to obtain OWCP benefits which were denied."  Motion at 6.  Defendant contends that Plaintiff cannot use Title VII to collaterally attack the Department of Labor's denial of his claim for worker's compensation.  Id.  In opposition, Plaintiff contends that "his complaint of retaliation is not being presented in an effort to collaterally attack the denial of his OWCP claim."  Response at 5.  Instead, Plaintiff argues that he has stated a retaliation claim because the OWCP appeal process "will not address the Agency's blatant retaliation by presenting the facts in such a way as to automatically preclude his entitlement to these benefits."  Id. at 5-6.  For the reasons discussed below the Court agrees with Defendant that Plaintiff's claim impermissibly, collaterally attacks the decision of the OWCP.  Accordingly, the Court will grant Defendant's Motion because it lacks subject matter jurisdiction to consider Plaintiff's retaliation claim.

The Federal Employees Compensation Act, 5 U.S.C. §§ 8101-8152 ("FECA") provides "a comprehensive and exclusive workers' compensation scheme for federal civilian employees who are injured or killed while performing their work duties."  Gilmore v. Dir., U.S. Dep't of Labor, Office of Workers Comp., 455 Fed. Appx. 934, 936 (11th Cir. 2012) (citing Noble v. United States, 216 F.3d 1229, 1234 (11th Cir.2000)).  "FECA bars

5

judicial review of the Secretary [of Labor]'s decision allowing or denying an award of benefits." Gilmore, 455 Fed. Appx. at 936 (citing 5 U.S.C. § 8128(b)). "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1991) (citation omitted). "Conclusions of law and fact made by the Secretary or the [Employees' Compensation Appeals Board] are also immune from judicial review." Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, 637 (11th Cir.1992) (citing  5 U.S.C. § 8128(b)).

Here, Plaintiff contends that Defendant retaliated against him by providing "inaccurate information to the OWCP." Response at 5. Although Plaintiff asserts that his retaliation claim does not collaterally attack OWCP's decision regarding his FECA claim, in order for this Court to find that Defendant retaliated against Plaintiff, the Court would necessarily have to find that the information Defendant provided to the OWCP was inaccurate. Thus, before the Court could issue any ruling in the Plaintiff's favor, this Court would have to second guess the findings of OWCP.[2] Because findings of fact or conclusions of law made by the Secretary of Labor are not subject to judicial review, see

---

[2]   For example, in his opposition to Defendant's Statement of Undisputed Facts, Plaintiff contends that "in denying Plaintiff's OWCP claim, the DOL stated that the employer advised that the distance between the planes was never more below ten (10) miles and that the required separation was only five (5) miles, which is clearly untruthful and in direct contradiction to the written policy for planes being handed off from Havana ACC to Miami ARTCC." Response at 2 ¶ 3. Any determination that this information was "inaccurate," as Plaintiff contends would require the Court to examine the Secretary of Labor's factual findings on Plaintiff's FECA claim. As discussed by Defendant in its Reply, "deciding whether Mr. Lozito's email [containing information in response to the OWCP request] contained false statements requires the Court to allow a collateral attack on the denial of Plaintiff's OWCP claim in direct violation of FECA." Reply at 3-4.

Woodruff, 954 F.2d at 937, this Court is without subject matter jurisdiction to consider Plaintiff's retaliation claim.  See Nicastro v. Runyon, 60 F. Supp. 2d 181, 186 (S.D.N.Y. 1999) ("Finally, as noted in the Postmaster General's brief, this Court lacks jurisdiction over any claim concerning Nicastro's worker's compensation.  Judicial review of administrative decisions denying claims for work-related compensation is expressly precluded under the Federal Employees Compensation Act ('FECA'), 5 U.S.C. §§ 8116(c), 8128(b). Plaintiff cannot get around this rule by collaterally attacking a denial of FECA benefits as retaliatory.").

The facts of this case are nearly identical to those considered by the Northern District of Ohio in Lockett v. Potter, No. 1:06-CV 1879, 2007 WL 496361, at *2 (N.D. Ohio Fe. 12, 2007).  In Lockett, the Plaintiff asserted a retaliation claim against the United States Postal Service on the grounds that it had made false statements which resulted in his FECA claim being wrongly denied.  2007 WL 496361, at *2.[3]  The defendant moved to dismiss on the same basis asserted by the defendant here: reviewing the complaint "would require the Court to review the factual and legal basis for the Secretary of Labor's decision."  Id.  The court granted the defendant's motion to dismiss finding that "[t]o prove this claim, the Court would have to review the Secretary of Labor's decision," which it could not do under FECA.  Id. at *3.  Similarly, in Foulke v. Potter, the Eastern District of New York dismissed a *pro se* complaint where the plaintiff alleged that false statements made by United States Postal Service officials "negative [ly] impacted" her FECA claim.  No. 10-CV-4061 (SJF)(ETB), 2011 WL127119, at *2

---

[3]     The plaintiff in Lockett, as in the instant case, also asserted that the basis for the retaliation was his prior EEO activity.  2007 WL 496361, at *2 .

(E.D.N.Y. Jan. 10, 2011). That court also found that it was without subject matter jurisdiction to consider the retaliation claim under FECA. Id.; see also Waddy v. Chao, 157 Fed. Appx. 336, 337 (2d Cir. 2005) (holding that the district court lacked jurisdiction to review the complaint because the statutory language of Section 8128 evinces a clear congressional intent to bar judicial review of FECA determinations); Shaw v. U.S. Postal Serv., No. 09 Civ. 6617, 2010 WL 3749233, at * 8 (S.D.N.Y. Aug.16, 2010), report and recommendation adopted by 2010 WL 3767115 (Sept. 27, 2010) (finding that the district court lacked jurisdiction over the plaintiff's retaliation claims relating to the denial of workers' compensation benefits because the Secretary of Labor has sole discretion over the compensability of work-related injuries for federal employees); Stone v. Chao, 284 F. Supp. 2d 241, 247 (D. Mass. 2003) (finding that court was without subject matter jurisdiction to consider alleged constitutional claims because they were "nothing more than 'garden variety' FECA challenges cloaked in constitutional raiment").

Finally, the citations Plaintiff provides in his Response are not persuasive. Plaintiff cites Johnston v. Henderson, 144 F. Supp. 2d 1341 (.S.D. Fla. 2001), for the proposition that his Title VII retaliation claim is proper. The facts of Johnston and the instant case are inapposite, however. In Johnston, the Plaintiff claimed that her worker's compensation records were improperly altered. 144 F. Supp. 2d at 1356. Thus, Johnston did not involve an allegation that the defendant provided false information during the OWCP's investigation of a FECA claim.[4] Moreover, Plaintiff's reliance on an

---

[4] In any event, the Court granted summary judgement for the Defendant on Plaintiff's retaliation claim because she failed to demonstrate an adverse employment action. Johnston, 144 F. Supp. 2d at 1359.

8

Equal Employment Opportunity Commission Denial of a Request for Reconsideration is misplaced. Plaintiff cites this decision for the proposition that "[w]here a complainant alleges that the agency discriminated in the processing of a worker's compensation claim–for example by failing to submit required paperwork–then the complaint states an EEO claim." Pirozzi v. Department of the Navy, EEOC Request No. 05970146 (Oct. 23, 1998). But, the very next line of this decision states: "[h]owever, where a complainant alleges that the agency discriminated in a manner pertaining to the merits of the workers' compensation claim–for example, by submitting paperwork containing allegedly false information–then the complaint does not state an EEO claim." (citations omitted). This is precisely what Plaintiff alleges that Defendant has done.[5] Thus, this order supports Defendant's argument, not Plaintiff's and the Court will grant Defendant's Motion.

### III. CONCLUSION

Because the Court concludes that it is without subject matter jurisdiction to consider Plaintiff's retaliation claim, the Court will grant summary judgment for the Defendant.[6] Accordingly, it is

---

[5] Indeed, in this case, the EEOC denied Plaintiff's appeal of the dismissal of his claim because "the Complainant is improperly attempting to use the EEO process to collaterally attack the outcome of the workers' compensation process." Exhibit A to the Complaint [DE 1-1] at 2.

[6] Although the Court does not reach the merits of Plaintiff's retaliation claim and thus will does not address Defendant's remaining arguments for summary judgment, the Court notes that Plaintiff would have substantial difficulty establishing a retaliation claim. For example, Plaintiff has failed to demonstrate a causal connection between an alleged adverse employment action and any protected activity. Plaintiff has not provided any evidence, other than his own conclusory assertions, that the alleged provision of false information to the OWCP was tied to his prior EEO filings. See Fanning v. Potter, 614 F.3d 845, 850 (8th Cir. 2010) (holding that the plaintiff had offered no evidence that the USPS's decision to separate her administratively was

**ORDERED AND ADJUDGED** that Defendant Ray LaHood, Secretary, Department of Transportation's Motion for Summary Judgment [DE 28] is **GRANTED**.

The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of November, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF

---

connected to her previous EEO filings).